# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROBERT McFARLAND,**

    **Petitioner,**

v.                               **CIVIL ACTION NO. 1:15cv5**
                                     **(Judge Keeley)**

**DAVID BALLARD, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2254

On January 15, 2015, Robert McFarland ("Petitioner") filed a *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. ECF No.1. On January 16, 2015, the Petitioner was granted leave to proceed *in forma pauperis*. ECF No. 5. On November 9, 2015, the Respondent was ordered to show cause as to why the petition should not be granted. ECF No. 8.

On December 30, 2015, the Respondent filed a Motion to Dismiss the petition as untimely. ECF No. 13. On January 6, 2016, the Respondent was directed to file a supplemental response which addressed the merits of the petition.[1] ECF No. 17. On February 3, 2016, the Respondent filed a Motion for Summary Judgment. ECF No. 23. On February 4, 2016, an Order and Roseboro Notice was issued. ECF No. 25. On March 28, 2016, the Petitioner filed a Reply in Opposition. ECF No. 30. On that same day, the Respondent filed a Motion to Dismiss for Failure to Exhaust. ECF No.

---

[1] In the Order to Show Cause, the Court set forth the procedural history of the Petitioner's first 2254, and informed the Respondent that while he was permitted to argue timeliness, he was directed to answer the merits of the petition. Not only did the Respondent not argue the merits of the petition, the Respondent failed to address the procedural history set forth in the Order; namely, that the Petitioner had previously filed a § 2254 on June 9, 2014, which was mistakenly dismissed on December 4, 2014. See 3:14cv58.

31. On March 29, 2016, a Roseboro Notice was issued. ECF No. 33. On April 19, 2016, the Petitioner file a Response. ECF No. 35.

On April 28, 2016, a Notice of Mixed Petition was issued. ECF No. 36. On May 10, 2016, the Petitioner filed a "Motion to Proceed with Martinez[2] Claims or Stay the Proceedings Pending Exhaustion." ECF No. 38. On May 12, 2016, the Respondent filed a Response in which he indicates that Petitioner does not have a <u>Martinez</u> claim but noting that he has no objection to a stay and abeyance.

This matter is now pending before the undersigned for a Report and Recommendation.

## I. PROCEDURAL HISTORY

A.   **STATE COURT PROCEEDING**

   *1.   Ohio County Circuit Court Conviction*

During the January 2009 Term of the Ohio County Grand Jury, the Petitioner was charged with robbery in the first degree in violation of Chapter 61, Article 2, Section 12(a) of the West Virginia Code. On April 1, 2009, the Petitioner entered a plea of guilty. ECF No. 14-1 at 11. On May 4, 2009, the Petitioner filed a written petition for treatment under the Youthful Offender Act found in Chapter 25, Article 4, Section 6 of the West Virginia Code. On June 6, 2009, the Petitioner was sentenced to seventy years of incarceration. ECF No. 14-4 at 39-40. The sentencing order was entered on July 9, 2010.

   *2.   Direct Appeal to West Virginia Supreme Court of Appeals*

On November 18, 2009, the Petitioner filed a direct appeal with the WVSCA. He raised four (4) grounds:

---

[2]<u>Martinez v. Ryan</u>, 132 S.Ct. 1309 (2012).

(1) Defendant asserts that the trial court abused its discretion in its denial of the defendant's requests that he be treated under the Youthful Offender Act for the reason that the trial court's analysis of the factors surrounding the sentencing of the defendant was primarily predicated on the nature of the offense and the theory of punishment and incapacitation to the exclusion of the legislatively established preference for treated (sic) as a useful offender.

(2) Defendant asserts that the sentence imposed upon the defendant is not proportional to the character and degree of the offense in violation of Article III, Section 5 of the West Virginia Constitution and the Eighth Amendment to the United States Constitution.

(3) Defendant asserts that the sentence imposed on the defendant is so disparate to the sentence imposed on his co-defendant, Kayla Hochstrasser, that it renders his sentence unconstitutional under the state and federal constitutions.

(4) The trial Court based its sentence, in part, upon the State of residence of the defendant denying the defendant equal protection under the laws.

ECF No. 14-4 at 49. The WVSCA refused Petitioner's direct appeal on January 28, 2010. ECF No. 14-4 at 77.

### 3. *State Habeas Corpus*

Petitioner filed a Petition for Writ of Habeas Corpus Under West Virginia Code § 53-4A-1 on July 6, 2010. ECF No. 14-4 at 79-86. Petitioner asserted the following arguments:

(1) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charges and the consequences of the plea;

(2) Conviction obtained by use of coerced confession;

(3) Ineffective assistance of counsel with respect to the plea agreement;

(4) Violation of Article III, Section 5 of W.Va. Constitution and

> Eighth Amendment to the U.S. Constitution;

(5) Sentence imposed on defendant is disproportionate to the sentence imposed on his co-defendant;

(6) Equal protection violation for basing sentence, in part, on state of residence; and

(7) Trial Court abused its discretion in the denial of the defendant's request that he be treated under the Youthful Offender Act;

On October 20, 2010, the Petitioner filed an Amended Petition, which included a Checklist of Grounds for Post-Conviction Habeas Corpus Relief and a Certificate of Counsel. ECF No. 14-2 at 2-10. It would appear that counsel raised the following additional claims for relief:

(1) More severe sentence than expected;

(2) Excessive sentence;

(3) Mistaken advise of counsel as to parole or probation eligibility.

ECF No. 14-2 at 3.

On February 3, 2011, the Respondent filed an Answer. ECF No. 14-2 at 12-14. On May 25, 2011, the Petitioner filed an Amendment to Amended Petition for Habeas Corpus Relief. ECF No. 14-2 at 16. The Amendment merely changed the claim in his checklist to conform to his initial Petition, claiming that his plea was involuntary.

On July 25, 2011, the Circuit Court held an omnibus evidentiary hearing. On September 9, 2011, the Circuit Court denied Petitioner's habeas petition. ECF No. 14-2 at 73-75. On December 30, 2015, the Circuit Court entered an Amended Order denying the writ of habeas corpus. The Order noted that the Petitioner raised the following claims: (1) his plea of guilty was unlawfully induced or not made voluntarily with understanding of the nature of the charges and the circumstances of the

plea; (2) his conviction was obtained by coerced confession; (3) ineffective assistance of his trial counsel; (4) violation of Article III, Section 5 of the West Virginia Constitution and the Eighth Amendment of the United States Constitution; (5) disproportionate sentence; (6) denial of equal protection; (7) denial of treatment as a youthful offender; (8) more severe sentence than expected; (9) excessive sentence; and (10) mistaken advice of counsel as to parole or probation eligibility. ECF No. 14-3 at 2.

### 4. *Appeal to WVSCA of State Habeas Corpus Denial*

On September 12, 2012, the Petitioner filed a Petition for Appeal in the WVSCA. ECF No. 14-3 at 9-19. Petitioner alleged:

(1) The trial court abused its discretion in its denial to consider this Defendant under the Youthful Offender Act for which the court reasoned relying heavily upon the punishment, incapacitation, and severity of the offense aspects while discounting the legislative intent preference for a youthful offender.

(2) A sentence of seventy (70) years for this Defendant is excessive and disproportional to the character and degree of the offense in violation of Article III, Section 5 of the West Virginia Constitution and the United States Constitution, Eighth Amendment.

(3) The Defendant was denied equal protection given the trial court's improper consideration that this Defendant was a resident of the State of Ohio in imposing sentence.

ECF No. 14-3 at 19. On June 24, 2013, the WVSCA issued a Memorandum Decision affirming the Circuit's denial of the Petitioner's habeas petition. ECF No. 14-3 at 61-64.

### 5. *Federal Habeas Corpus*

In completing his petition, under "grounds," the Petitioner wrote "See Attachment #3",

which reads as follows:

> PETITIONER RESPECTFULLY ASSERTS EACH GROUND THAT WAS RAISED IN HIS DIRECT APPEAL (ATTACHMENT#1) and HIS PETITION FOR WRIT OF HABEAS CORPUS (ATTACHMENT #2).
>
> PETITIONER FURTHERS (sic) ASSERTS EACH ARGUMENT AND SUPPORTING FACT THAT WAS SUBMITTED TO THE OHIO COUNT (sic) CIRCUIT COURT AND THE WEST VIRGINIA SUPREME COURT IN BOTH THE DIRECT APPEAL AND THE APPEAL OF THE DENIAL OF HIS PETITION FOR WRIT OF HABEAS CORPUS.
>
> PETITIONER AVERS THAT NO OTHER GROUND IS BEING SUBMITTED AS HE IS RELYING UPON ONLY WHAT WAS SUBMITTED TO THE COURTS IN THIS MATTER.

ECF No. 1-3.

Accordingly, it appears that the Petitioner asserts the following grounds:

(1) the trial court abused its discretion in denying his request to be treated under the Youthful Offender Act;

(2) the sentence imposed is not proportional to the character and degree of the offense in violation of Art. III, Section 5 of the West Virginia Constitution and the Eighth Amendment to the United States Constitution;

(3) that the sentence imposed is so disparate to the sentence imposed on co-defendant, Kayla Hochstrasser, that it renders his sentence unconstitutional under the state and federal constitutions;

(4) the trial court improperly based its sentence, in part, upon his State of residence thereby denying him equal protection under the law;

(5) his guilty plea was unlawfully induced or not made voluntarily with understanding of the nature of the charges and the consequences of the plea;

(6) his conviction was obtained by coerced confession;

    (7) he received ineffective assistance of counsel with respect to the plea agreement;

    (8) he received a more severe sentence than expected;

    (9) his sentence was excessive; and

    (10) he received mistaken advice of counsel as to parole or probation eligibility.

## II. ANALYSIS

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. See 28 U.S.C. §2254(b). Therefore, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989). Concerns of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights. See Duncan v. Henry, 513 U.S. 364, 365 (1995); see also Footman v. Singletary, 978 F.2d 1207, 1210-11 (11th Cir. 1992) (comity requires that the State be given the first opportunity to address and resolve the merits of an inmate's claims). To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997). "A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Id. at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S.

at 32; see also Howell v. Mississippi, 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D.W.Va. 1993). A petition for writ of habeas corpus filed under the original jurisdiction of the SCAWV that is denied with prejudice following a determination on the merits will also exhaust the petitioner's state court remedies. See Moore, 621 F.Supp. At 1546; see also, Meadows v. Legursky, 904 F.2d 903, 908-909 (4th Cir. 1990) (*abrogated on other grounds*, Trest v. Cain, 522 U.S. 87 (1997*))*. A federal court may only consider those issues the petitioner presented to the state court,[3] and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In addition, it is the petitioner's burden to demonstrate that he has exhausted his state judicial remedies. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Id. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution

In this particular case, the Petitioner has presented ten (10) claims for this Court's consideration. However, not all of them are exhausted. When the Petitioner appealed the Circuit

---

[3] Picard v. Connor, 404 U.S. 270 (1971).

8

Court's denial of his amended habeas petition, he asserted only three assignments of error.[4] As previously noted they were: (1) denial of consideration of the Youthful Offender Act; (2) an excessive and disproportionate sentence in violation of the West Virginia and United States Constitutions; and (3) equal protection violation because the trial court considered that he was a resident of the State of Ohio in imposing sentence. These same grounds were raised in his direct appeal, together with a claim that his sentence was unconstitutional because it was so disparate from the sentence imposed on his co-defendant. Therefore, the Petitioner is attempting to raise five grounds that have not been exhausted. Specifically, they are: (1) his plea was unlawfully induced or not made voluntarily; (2) his conviction was obtained by coerced confession; (3) ineffective assistance of trial counsel with respect to the plea agreement; (4) more severe sentence than expected; and (5) mistaken advice of counsel as to parole or probation eligibility. Accordingly, the Petitioner has presented a mixed petition; one containing both exhausted and unexhausted claims.

In Rose v. Lundy, 455 U.S. (1982), the Court held that a federal district court may not adjudicate mixed petitions and imposed a requirement of total exhaustion, implemented by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to litigate the unexhausted claims. At the time the Court issued this decision, ADEPA[5] had not been enacted, and there was no statute of limitations on federal habeas corpus petitions. Therefore, dismissal without prejudice did not preclude petitioners from returning to federal court once their

---

[4] Although the Petitioner listed three assignments of error, his second assignment of error challenged his sentence of seventy (70) years as both excessive and disproportional. ECF No. 14-3 at 19. Accordingly, it encompasses two of the grounds raised in his federal habeas petition.

[5] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.

9

claims were exhausted in state court proceedings.

However, "[a]s the result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions, run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Rhines v. Weber, 544 U.S. 269 (2005). Accordingly, the Supreme Court has held that a federal district court may, under some circumstances stay, rather than dismiss without prejudice, a federal habeas petition containing both exhausted and unexhausted claims in order to allow the petitioner to present the unexhausted claims to the state court.

In response to this Court's Notice of Mixed Petition [ECF No. 36], the Petitioner indicated that he wished to proceed with Martinez claims or stay the proceedings pending exhaustion. In Martinez, 132 S.Ct. 1309 (2012), the Supreme Court held that, although ineffective assistance of habeas counsel, in an of itself, is not a cognizable claim in federal habeas corpus, inadequate assistance of counsel at initial collateral review (habeas) proceedings may establish cause to overcome a prisoner's procedural default of a claim of ineffective assistance of trial counsel, where ineffective assistance of counsel claims are addressed, by law or by practice, for the first time, on collateral review, rather than direct appeal.

The Petitioner does not have a "Martinez claim" to raise. Habeas counsel presented claims of ineffective assistance of trial counsel, including a claim that trial counsel was ineffective with respect to the plea agreement[6]. However, that claim was not raised in his appeal to the WVSCA regarding the denial of his state habeas corpus petition, and is not defaulted, but instead, is not

---

[6]This appears to be the primary claim that Petitioner believes amounts to a Martinez claim. ECF No. 30.

exhausted. In addition, his claim that his plea was coerced, which is also not exhausted, is not couched as a claim of ineffective assistance of counsel and does not fall under Martinez.

Accordingly, the Court concludes that this is indeed a mixed petition, and the Petitioner has indicated that he does not wish to sever his unexhausted claims. However, is clear that if this matter is dismissed, the Petitioner will be time barred from seeking § 2254 relief. While the instant petition may have been timely,[7] the United States Supreme Court has held that "§2244(b)(2) does not toll the limitations period during the pendency of a federal habeas petition." Duncan v Walker, 533 U.S. 167 (2001). Therefore, because this matter has been pending more than seventeen months, a dismissal and subsequent habeas petition would be grossly untimely.

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Respondent's Motion to Dismiss Petitioner's §2254 Petition as untimely [ECF No. 14] be **DENIED and DISMISSED WITH PREJUDICE**, the Respondent's Motion for Summary Judge [ECF No 23] be **DISMISSED WITHOUT PREJUDICE**; the Respondent's Motion to Dismiss for Failure to Exhaust [ECF No. 31] be **DISMISSED WITHOUT PREJUDICE;** and the Petitioner's Motion to Proceed with Martinez Claims or Stay [ECF No. 38] be **DENIED** with respect to his request to proceed and

---

[7]The Respondent calculated that the Petitioner had until August 15, 2014 to filed his § 2254 petition. ECF No. 15 at 6. Although the instant petition was not filed until January 15, 2015, the Petitioner had previously filed a § 2254 petition with this Court on June 9, 2014. See 3:14cv58. Following a Show Cause Order, entered on November 7, 2015, the case was dismissed on December 4, 2014, upon a finding that the Petitioner's response should have been postmarked by November 21, 2014, to be considered timely, but was not postmarked until November 24, 2014. However, upon closer review the Court notes that the Petitioner "executed" the response on November 12, 2014, and under the "mail box rule", would be considered timely. Accordingly, it would appear that original petition was inadvertently dismissed. Therefore, given that the Petitioner filed this action soon after that dismissal, it would appear that equitable tolling should apply.

**GRANTED** with respect to his request for a stay and abeyance.

The undersigned further recommends that Petitioner be directed to (1) file his State Court claims within thirty (30) days of this matter being stayed; (2) file quarterly reports, beginning October 1, 2016, explaining the status of his unexhausted claims; and (3) file a Notice of Exhaustion within thirty (30) days from the date his state court remedies have been fully exhausted. The Petitioner should be forewarned that failure to do so will result in dismissal of his Petition.

Any party may, within fourteen [14] days of the filing of this recommendation, file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge of record. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is directed to provide a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, and to counsel of record via electronic means.

Dated: July 8, 2016.

                                                /s Robert W. Trumble
                                                ROBERT W. TRUMBLE

UNITED STATES MAGISTRATE JUDGE